# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER and | : | |
| LAURA WARDEN, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL TOWNSHIP, et al., | : | No. 08-3269 |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**Schiller, J.**                                                                                                                                                     **March 9, 2009**

Plaintiff, Westley Retzler, recently has filed six Complaints in this District. In each case, Retzler is proceeding pro se and has been granted *in forma pauperis* (IFP) status. Retzler's handwritten Complaints in sum name over twenty-five different individuals and entities as Defendants. The Complaints are best described as a hodgepodge of alleged wrongs perpetrated against him (and his sometimes co-Plaintiff Laura Warden) by private citizens, public officials, and the government of Bucks County.

The above-captioned case centers around the harassment and property damage Retzler and Warden have allegedly suffered over the years. This lawsuit names eleven different individuals and entities as Defendants. In the motion now before the Court, Defendant Joanne V. Kline, a magisterial district judge, seeks to dismiss the claims against her. For the reasons below, the motion is granted.

**I.     BACKGROUND**

Retzler claims that on April 8, 2006, Officer Robert Swartzwalter charged Retzler and Kenneth Meehan with harassment based on an incident in which the windows of Retzler's home were broken. According to Retzler, Meehan also should have been charged with criminal mischief. Despite repeated requests to Swartzwalter to file the proper charges, no such charges were forthcoming. (Compl. at 3-4.) On July 20, 2006, Retzler filed a private criminal complaint against Meehan, but to date he has not received a response from the Bucks County District Attorney's Office.

After the April, 2006 incident with Meehan, Retzler and Meehan appeared before Magisterial District Judge Joanne V. Kline, who was reluctant to dismiss the case against Retzler but "seemed very happy to dismiss the charges against Mr. Meehan." (Compl. at 2.) According to the Complaint, Judge Kline stated, "Oh well, wrong charges, it shouldn't be harassment it should be criminal mischief. I guess we'll need to dismiss those." (*Id*. at 3.) Plaintiffs also cite a general "prejudice" Judge Kline has exhibited towards Retzler. (*Id.*)

Plaintiffs also recount a July 1, 2006 incident in which Jason Novak broke the front windows of Retzler's home. (Compl. at 4.) Officer Mary Reiff of the Bristol Township Police did not respond until the next morning and no charges were filed against Novak. (Compl. at 5-6.) Officer Reiff also refused to bring charges after Retzler was attacked and assaulted on July 1, 2006. (Compl. at 6-7.) The Complaint alleges that Meehan and Novak are friends and have harassed and threatened Retzler and Warden since 2003. (Compl. at 5.)

The remainder of the Complaint recounts additional incidents of alleged harassment dating back to November of 2002. According to Retzler, he has repeatedly reported to law enforcement,

including Defendant Officer Robert Gorman, that he and Warden have been frequently harassed, but law enforcement has failed to respond.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court reviewing a motion to dismiss should read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Because Plaintiffs are acting pro se, this Court must construe their Complaint liberally and apply the applicable law, even if they failed to mention it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). Simply reciting the elements will not suffice. *Id*.

at 231.

Because Plaintiffs are proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies. Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2008). The frivolousness prong of the statute permits judges to examine the factual allegations of the complaint and dismiss baseless claims. *Guarrasi v. Gibbons*, Civ. A. No. 07-5475, 2008 WL 4601903, at *4 (E.D. Pa. Oct. 15, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**III.    DISCUSSION**

Plaintiffs' claims against Judge Kline are barred by the doctrine of judicial immunity. The Supreme Court has declared that judges "are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 13 Wall. 335, 347 (1872); *see also Byrd v. Parris*, Civ. A. No. 99-769, 1999 WL 895647, at *2 (E.D. Pa. Oct. 15, 1999) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judges enjoy absolute immunity from lawsuits seeking damages for civil rights violations arising from acts performed in their judicial capacities. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) ("It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'") (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). Judicial immunity applies equally to district justices.[1] *See Martin v. Bicking*, 30 F. Supp. 2d 511, 512 (E.D. Pa. 1998); *see also Fox v. Lee*, 99 F. Supp. 2d 573, 574 (E.D. Pa. 2000) (citing *Figueroa*, 208 F.3d at 440-43) (holding that doctrine of judicial immunity applies

---

[1] District justices are now called "Magisterial District Judges."

4

equally to judges of limited jurisdiction and judges of general jurisdiction); *Sampson v. Xavios*, Civ. A. No. 04-4990, 2007 WL 838959, at *1 (E.D. Pa. Mar. 15, 2007) (applying judicial immunity to district justice), *appeal dismissed*, 251 F. App'x 768 (3d Cir. 2007).

The broad blanket of judicial immunity can only be overcome in two situations: if the judge is acting outside the scope of his or her judicial capacity, or if the judge's actions, though judicial in nature, are taken in the "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Whether an act falls within the scope of judicial action depends upon the "'nature of the act itself, i.e., whether it is a function normally performed by a judge, and [] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Id*. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

Judge Kline is entitled to judicial immunity here. The allegations stem from her dropping charges against parties before her in a criminal matter. All of the actions Judge Kline is alleged to have undertaken occurred while she was presiding over matters brought before her as a Magisterial District Judge and are thus protected by the doctrine of judicial immunity. Furthermore, under Pennsylvania law, Judge Kline clearly had jurisdiction over Retzler's case. *See* 42 PA. CONS. STAT. ANN. § 1515 (2008).

Plaintiffs appear to argue that Judge Kline acted outside the scope of her duties with respect to Retzler and that she can be "liable [for] activities outside the courtroom." (Resp. to Mot. to Dismiss at 1-2.) A liberal reading of Plaintiffs' response to the motion to dismiss suggests that Judge Kline's perceived bias against Retzler stripped her of judicial immunity and he may therefore proceed against her. This argument is legally incorrect. Judge Kline was presiding over a case involving Retzler and is therefore entitled to judicial immunity. Baseless allegations of Judge

5

Kline's "vindictive" attitude towards Retzler do not warrant applying the exceptions to the doctrine of judicial immunity. His allegations all center around her conduct toward him while she was acting in her judicial capacity and she is therefore entitled to judicial immunity.

Alternatively, to the extent Judge Kline is sued in her official capacity, she does not meet the definition of "person" contained in § 1983. *See Fox*, 99 F. Supp. 2d at 575; *see also Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000) (holding that Pennsylvania courts are state agencies and are thus not "persons" under § 1983). Plaintiffs contend that Judge Kline meets the legal definition of person under § 1983 because she harbored a personal bias against Retzler and hence had no business passing judgment on him. (Resp. to Mot. to Dismiss at 2.) But, any purported animosity Judge Kline had towards Retzler does not alter her legal status under § 1983.

## IV. CONCLUSION

For the above stated reasons, Judge Kline's motion to dismiss is granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER and | : | |
| LAURA WARDEN, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL TOWNSHIP, et al., | : | No. 08-3269 |
| Defendants. | : | |

## ORDER

**AND NOW**, this **9th** day of **March**, **2009**, upon consideration of Magisterial District Judge Joanne V. Kline's motion to dismiss, Plaintiffs' response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. The motion to dismiss (Document No. 9) is **GRANTED**.

2. The case against Magisterial District Judge Joanne V. Kline is **DISMISSED with prejudice**.

3. The Motion to Include Additional Evidence (Document No. 23) is **DENIED**.[2]

BY THE COURT:

*/s/ Berle M. Schiller*

**Berle M. Schiller, J.**

---

[2] It is not necessary to file a motion to request that this Court take notice of a Pennsylvania statute.