# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER and | : | |
| LAURA WARDEN, | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL TOWNSHIP, et al., | : | No. 08-3269 |
|     Defendants. | : | |

## MEMORANDUM & ORDER

**Schiller, J.**                                                                                                               **March 9, 2009**

    Plaintiff, Westley Retzler, recently has filed six Complaints in this District. In each case, Retzler is proceeding pro se and has been granted *in forma pauperis* (IFP) status. Retzler's handwritten Complaints in sum name over twenty-five different individuals and entities as Defendants. The Complaints are best described as a hodgepodge of alleged wrongs perpetrated against him (and his sometimes co-Plaintiff Laura Warden) by private citizens, public officials, and the government of Bucks County.

    The above-captioned case centers around the harassment and property damage Retzler and Warden have allegedly suffered over the years. This lawsuit names ten different individuals and entities as Defendants. In the motion now before the Court, Defendant Kenneth Meehan filed an answer, motion to strike, and preliminary objection to the complaint against him.[1] The Court will treat Meehan's filings as a motion to dismiss and, for the reasons below, the Court will grant this motion.

---

[1] Preliminary objections are used in Pennsylvania state court to, among other things, test the legal sufficiency of a pleading. PA. R. CIV. P. 1028 (2009). They are not used in federal court.

## I. BACKGROUND

Retzler claims that on April 8, 2006, Officer Robert Swartzwalter charged Retzler and Kenneth Meehan with harassment based on an incident in which the windows of Retzler's home were broken. According to Retzler, Meehan also should have been charged with criminal mischief. Despite repeated requests to Swartzwalter to file the proper charges, no such charges were forthcoming. (Compl. at 3-4.) On July 20, 2006, Retzler filed a private criminal complaint against Meehan, but to date he has not received a response from the Bucks County District Attorney's Office.

After the April 2006 incident, Retzler and Meehan appeared before Magisterial District Judge Joanne V. Kline, who was reluctant to dismiss the case against Retzler but "seemed very happy to dismiss the charges against Mr. Meehan." (Compl. at 2.) According to the Complaint, Judge Kline stated, "Oh well, wrong charges, it shouldn't be harassment it should be criminal mischief. I guess we'll need to dismiss those." (*Id*. at 3.) Plaintiffs also claim Judge Kline has established a general "prejudice" toward Retzler. (*Id*.)

Additionally, Plaintiffs recount a July 1, 2006 incident in which Jason Novak broke the front windows of Retzler's home. (Compl. at 4.) Officer Mary Reiff of the Bristol Township Police did not respond until the next morning and no charges were filed against Novak. (Compl. at 5-6.) Officer Reiff also refused to bring charges after Retzler was attacked and assaulted on July 1, 2006. (Compl. at 6-7.) The Complaint alleges that Meehan and Novak are friends and have harassed and threatened Retzler and Warden since 2003. (Compl. at 5.)

The remainder of the Complaint recounts additional incidents of alleged harassment dating back to November of 2002. According to Retzler, he has repeatedly reported to law enforcement,

2

including Defendant Officer Robert Gorman, that he and Warden have been frequently harassed, but law enforcement has failed to respond.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should read the allegations in the light most favorable to the plaintiff and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Because Plaintiffs are proceeding pro se, this Court must construe their Complaint liberally and apply the applicable law, even if they failed to reference it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). Simply reciting the elements will not suffice. *Id*.

at 231.

Because Plaintiffs are proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies. Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2008). The frivolousness prong of the law permits judges to examine the factual allegations of the complaint and dismiss claims whose factual contentions are clearly baseless. *Guarrasi v. Gibbons*, Civ. A. No. 07-5475, 2008 WL 4601903, at *4 (E.D. Pa. Oct. 15, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**III.     DISCUSSION**

The only inference that the Court can draw from the allegations against Meehan is that he and Retzler are two private citizens engaged in a dispute. That fact, of course, does not create a federal cause of action. Furthermore, both Retzler's Complaint and Meehan's filings list Meehan's address as located in Pennsylvania. Accordingly, Retzler and Meehan are citizens of Pennsylvania and therefore diversity jurisdiction is not present. *See* 28 U.S.C. § 1332(a). The case against Meehan is therefore dismissed.[2] Additionally, the Complaint – which contains no jurisdictional allegations – lists Defendant Novak, also a private citizen, as maintaining a Pennsylvania address. The Complaint thus offers no basis for this Court to assume jurisdiction over Plaintiffs' allegations against Novak. As such, the claims against Novak are also dismissed.

Meehan, who is also proceeding pro se, included a counterclaim seeking not less than

---

[2] The Court notes that any personal injury claims asserted by Retzler against Meehan occurred outside the two-year Pennsylvania statute of limitations for personal injury actions. *See* 42 PA. CONS. STAT. ANN. § 5524 (2008).

4

$50,000 for Retzler's continued harassment of neighbors (including making obscene gestures toward children), improper use of the police and courts, and filing of frivolous lawsuits. Meehan's "counterclaim" does not contain a single factual allegation and is nothing more than the latest in a tit-for-tat squabble between private citizens. This Court is an improper forum for this spat and will not serve as the arbiter of every purported wrong stemming from the animosity between these individuals. The Court can only hear legitimate claims properly before it, and Meehan's counterclaim, like Plaintiffs' claims, cannot create federal jurisdiction because diversity of citizenship is lacking. Thus, Meehan's counterclaim must also be dismissed.

## IV. CONCLUSION

For the above stated reasons, both Meehan and Novak dismissed from this case. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WESTLEY RETZLER and :
LAURA WARDEN, :
        Plaintiffs, : CIVIL ACTION
:
v. :
:
:
BRISTOL TOWNSHIP, et al., : No. 08-3269
        Defendants. :

## ORDER

**AND NOW**, this **9th** day of **March**, 2009, upon consideration of the motion to dismiss filed by Kenneth Meehan, and for the foregoing reasons, it is hereby **ORDERED** that:

1. The motion to dismiss (Document No. 11) is **GRANTED**.

2. The case against Kenneth Meehan is **DISMISSED**.

3. Meehan's counterclaim is also **DISMISSED** and Meehan is hereby terminated as a party to this action.

4. The case against Jason Novak is **DISMISSED**.

BY THE COURT:

_____
**Berle M. Schiller, J.**