# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER and | : | |
| LAURA WARDEN, | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL TOWNSHIP, et al., | : | No. 08-3269 |
|     Defendants. | : | |

## MEMORANDUM AND ORDER

Schiller, J.                                                                                                                    March 11, 2009

      Plaintiff Westley Retzler recently has filed six Complaints in this District. In each case, Retzler is proceeding pro se and has been granted *in forma pauperis* (IFP) status. Retzler's handwritten Complaints in sum name over twenty-five different individuals and entities as Defendants. The Complaints are best described as a hodgepodge of alleged wrongs perpetrated against him (and his sometimes co-Plaintiff Laura Warden) by private citizens, public officials, and the government of Bucks County.

      The above-captioned case centers around the harassment and property damage Retzler and Warden have allegedly suffered over the years. This lawsuit names ten different individuals and entities as Defendants. Two motions are currently before this Court. In one motion, Defendants Bucks County District Attorney's Office, Bucks County Detectives, and Detectives Robert Gorman and Terry Lachman seek to dismiss the claims against them. In the other motion, Defendants Bristol Township, Bristol Township Police Department, Officer Robert Swartzwalter, and Officer Mary Reiff seek to dismiss the claims against them. For the reasons below, both motions are granted.

I.  **BACKGROUND**

Retzler claims that on April 8, 2006, Officer Robert Swartzwalter charged Retzler and Kenneth Meehan with harassment based on an incident in which the windows of Retzler's home were broken. According to Retzler, Meehan also should have been charged with criminal mischief. Despite repeated requests to Swartzwalter to file the proper charges, no such charges were forthcoming. (Compl. at 3-4.) On July 20, 2006, Retzler filed a private criminal complaint against Meehan, but to date he has not received a response from the Bucks County District Attorney's Office.

After the April 2006 incident, Retzler and Meehan appeared before Magisterial District Judge Joanne V. Kline, who was reluctant to dismiss the case against Retzler but "seemed very happy to dismiss the charges against Mr. Meehan." (Compl. at 2.) According to the Complaint, Judge Kline stated, "Oh well, wrong charges, it shouldn't be harassment it should be criminal mischief. I guess we'll need to dismiss those." (*Id*. at 3.) Plaintiffs also claim Judge Kline's behavior reveals a general "prejudice" toward Retzler. (*Id*.)

Additionally, Plaintiffs recount a July 1, 2006 incident in which Jason Novak broke the front windows of Retzler's home. (Compl. at 4.) Officer Mary Reiff of the Bristol Township Police did not respond until the next morning and no charges were filed against Novak. (Compl. at 5-6.) Officer Reiff also refused to bring charges after Retzler was attacked and assaulted on July 1, 2006. (Compl. at 6-7.) The Complaint alleges that Meehan and Novak are friends and have harassed and threatened Retzler and Warden since 2003. (Compl. at 5.)

The remainder of the Complaint recounts additional incidents of alleged harassment dating back to November of 2002. According to Retzler, he has repeatedly reported to law enforcement,

including Defendant Officer Robert Gorman, that he and Warden have been frequently harassed, but law enforcement has failed to respond.

Retzler sought permission to proceed IFP on July 11, 2008 and Warden sought permission to proceed IFP on August 20, 2008. The Court permitted Retzler and Warden to proceed IFP on July 21, 2008 and August 26, 2008, respectively. The Complaint was filed on July 21, 2008.

**II.     STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should read the allegations in the light most favorable to the plaintiff and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Because Plaintiffs are proceeding pro se, this Court must construe their Complaint liberally and apply the applicable law, even if they failed to reference it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Although the federal rules impose no probability requirement at

the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). Simply reciting the elements will not suffice. *Id*. at 231.

Because Plaintiffs are proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies. Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2008). The frivolousness prong of the law permits judges to examine the factual allegations of the complaint and dismiss claims whose factual contentions are clearly baseless. *Guarrasi v. Gibbons*, Civ. A. No. 07-5475, 2008 WL 4601903, at *4 (E.D. Pa. Oct. 15, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III. DISCUSSION

#### A. Claims against Detectives Lachman and Gorman

According to Retzler, Lachman and Gorman have been unresponsive to his pleas for action against his tormenters. The case against Lachman and Gorman must be dismissed because the failure to initiate a prosecution cannot serve as the basis for a civil rights claim. *See Reynolds v. Donate*, Civ. A. No. 07-131, 2007 WL 320754, at *2 (M.D. Pa. Jan. 30, 2007). Private citizens, such as Retzler and Warden, do not have a judicially-protected interest in the criminal prosecution of another. *See Nelson v. Pennsylvania*, Civ. A. No. 97-6548, 1997 U.S. Dist. LEXIS 19923, at *6 (E.D. Pa. Dec. 8, 1997); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, the decision to charge someone with a crime rests within the discretion of the prosecutor, not police

detectives. *See Wayte v. United States*, 470 U.S. 598, 607 (1985). The case against Lachman and Gorman is therefore dismissed.

**B.     Claims against the Bucks County District Attorney's Office**

In *Reitz v. County of Bucks*, the Third Circuit held the Bucks County District Attorney's office is not an entity that can be sued under § 1983. 125 F.3d 139, 148 (3d Cir. 1997). Thus, Plaintiffs' claims against the Bucks Country District Attorney's Office are dismissed.

**C.     Claims against Bucks County Detectives**

The Bucks County Detectives are not a proper party to this lawsuit. A local police department may not be sued along with its municipality because the police department is not a separate legal entity. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997); *Toth v. Bristol Twp.*, 215 F. Supp. 2d 595, 599 (E.D. Pa. 2002) (dismissing Bristol Township Police Department because it cannot be sued alongside Bristol Township).

Additionally, the Bucks County Detectives is an arm of the Bucks County District Attorney's Office. As noted above, the Third Circuit has concluded that the Bucks County District Attorney's office is not an entity that can be sued under § 1983. *Reitz*, 125 F.3d at 148. It follows that the Bucks County Detectives is also free from lawsuits under § 1983. The case against it is therefore dismissed.

**D.     Claims against Bristol Township Police Department**

The Bristol Township Police Department is not a proper party to this lawsuit. A local police

5

department may not sued along with its municipality because the police department is not a separate legal entity. *See Padilla*, 110 F. App'x at 278; *see also Bonenberger*, 132 F.3d at 25 n.4; *Toth*, 215 F. Supp. 2d at 599 (E.D. Pa. 2002). The case against the Bristol Township Police Department is therefore dismissed.

### E. *Monell* claim against Bristol Township

Plaintiffs' claim against Bristol Township is presumably a *Monell* claim. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), a plaintiff may assert a § 1983 claim against a municipality if a policy, regulation, or decision officially adopted by the municipality caused a constitutional violation.

Reading the Complaint liberally, Plaintiffs have failed to raise a *Monell* claim. The Complaint mentions no policy, regulation, decision, or custom that could support a § 1983 claim against Bristol Township. Rather, Plaintiffs seek to hold Bristol Township liable for the actions of its employees. But it is well settled that "[a] municipality cannot be responsible for damages under section 1983 on a vicarious liability theory." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004); *see also Monell*, 436 U.S. at 694-95. Merely employing a tortfeasor is insufficient to establish § 1983 liability against a municipality. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see also Leatherman v. Tarrant County*, 507 U.S. 163, 166 (1993) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Plaintiffs' argument that government officials in Bristol Township must ensure that county employees are not biased towards private citizens does not raise a *Monell* claim. (*See* Pls.' Resp. to Mot. to Dismiss [Document No. 25] at 1-3.) Plaintiffs have failed to point to any policy or custom that caused a constitutional violation. Merely asserting that county officials are not doing their jobs

will not suffice. The Court will therefore dismiss the claims against Bristol Township.

F.     Officer Robert Swartzwalter and Officer Mary Reiff

Retzler alleges that on April 8, 2006, Officer Swartzwalter charged Retzler and Meehan with harassment. Although Retzler requested that Swartzwalter file "the correct charges," the officer failed to do so, apparently under the directive of Magisterial District Judge Joanne V. Kline. (Compl. at 3-4.)

According to Retzler, Officer Reiff refused to charge Jason Novack with a crime after Novack damaged Retzler's home. She also failed to respond to Retzler's allegation that he was attacked by Michael Pacheco at the Bristol Commerce Center.[1] (Compl. at 6.)

Any claims that might have arisen from Officer Swartzwalter's actions on April 8, 2006 are outside the statute of limitations for a § 1983 claim. Claims brought under § 1983 are subject to state law statutes of limitations governing personal injury actions. *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2000). In Pennsylvania, this is two years. 42 PA. CONS. STAT. ANN. § 5524 (2009). Assuming arguendo that the failure to file the appropriate charges is a valid cause of action under § 1983, Retzler's claim arose when the wrong charges were filed, which occurred outside the two-year statute of limitations.

Even if they were not time-barred, Plaintiffs' claims against Swartzwalter suffer from a fatal defect; this same defect requires Reiff's dismissal as well. As previously stated, the failure to initiate a prosecution cannot serve as the basis for a civil rights claim. *See Reynolds*, 2007 WL 320754, at *2. Private citizens, such as Retzler and Warden, do not have a judicially protected interest in the

---

[1] The claims that Retzler asserted against Pacheco in Civil Action No. 08-3245 were dismissed in a previously issued Memorandum and Order.

criminal prosecution of another. *See Nelson*, 1997 U.S. Dist. LEXIS 19923, at *6; *see also Linda R.S.*, 410 U.S. at 619. Thus, Plaintiffs cannot state a claim against Swartzwalter or Reiff based on the officers' failure to charge individuals with a particular crime. The case against Swartzwalter and Reiff is therefore dismissed.

**IV.	CONCLUSION**

For the reasons above, the Court grants Defendants' motions to dismiss. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER and | : | |
| LAURA WARDEN, | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL TOWNSHIP, et al., | : | No. 08-3269 |
|     Defendants. | : | |

## ORDER

**AND NOW**, this **11th** day of **March**, **2009**, upon consideration of the motion to dismiss of Defendants Bucks County District Attorney's Office, Bucks County Detectives, Detectives Robert Gorman and Terry Lachman, the motion to dismiss of Defendants Bristol Township, Bristol Township Police Department, Officer Robert Swartzwalter and Officer Mary Reiff, Plaintiffs' responses thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. The motion to dismiss filed by Defendants Bucks County District Attorney's Office, Bucks County Detectives, Detectives Robert Gorman and Terry Lachman (Document No. 21) is **GRANTED**.

2. The claims against these four Defendants are **DISMISSED with prejudice**.

3. The motion to dismiss filed by Defendants Bristol Township, Bristol Township Police Department, Officer Robert Swartzwalter and Officer Mary Reiff (Document No. 18) is **GRANTED**.

4. The claims against these four Defendants are **DISMISSED with prejudice**.

5. The Motion to Include Additional Evidence (Document No. 24) is **DENIED**.

6. The Clerk of Court is directed to close this case.

BY THE COURT:

_____
**Berle M. Schiller, J.**